IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY STANKO, and similarly situated citizens;<br><br>Plaintiff,<br><br>vs.<br><br>MULTNOMAH COUNTY JAIL, DANIEL STATON, and Sheriff, individually and in official capacity; and DEFENDANTS 1X THROUGH 6X, individually;<br><br>Defendants. | 7:16CV5002<br><br>ORDER |

Defendants' have moved to dismiss Plaintiff's complaint for lack of personal jurisdiction. (Filing No. 9). Plaintiff has objected to the motion. (Filing No. 11). For the reasons stated below, the objection to the motion should be overruled and the motion to dismiss should be granted.

STATEMENT OF FACTS

As alleged in Plaintiff's complaint, such facts being accepted as true for the purposes of this motion only, and the parties' submissions (Filing Nos. 10 & 12):

Plaintiff resides in Nebraska, and he has not travelled to Oregon in the last 10 years. (Filing No. 1, at CM/ECF p. 2; Filing No. 12). On March 17, 2016, Plaintiff mailed legal documents to Ryan Bundy, a pretrial detainee in the Multnomah County Jail in Oregon. Defendant Daniel Staton, the Multnomah County Sheriff, is the chief overseer of all enforcement operations at the Multnomah County Jail, including the mail service. (Filing No. 1, at CM/ECF p. 6). The jail and Sheriff Staton's office are located in Portland, Oregon. (Filing No. 10, at CM/ECF p. 2).

Plaintiff alleges the Multnomah County jail did not deliver the mail sent by Plaintiff to Bundy. Instead, the mailing was returned to Plaintiff on March 28, 2016, with an explanation: "Does not meet criteria for Legal Mail, Opened as regular mail." Plaintiff alleges he is a jailhouse lawyer and Bundy needed the mailed documents for Bundy's defense. Plaintiff alleges Defendants' conduct of opening the mail, perhaps reading it, and returning it to Plaintiff rather than delivering it to Bundy, violated Plaintiff's and Bundy's constitutional rights. (Filing No. 1, at CM/ECF p. 7).

## ANALYSIS

Plaintiff claims the defendants subjected themselves to the jurisdiction of a Nebraska court by "accepting mail from Nebraska and unconstitutionally returning mail to Nebraska. . . ." (Filing No. 11, at CM/ECF p. 2). Plaintiff argues that using the mail is a "relevant contact" with Nebraska, and Nebraska is the correct forum since "[P]laintiff has not been in Oregon in over ten years . . . ." (Filing No. 11, at CM/ECF p. 2).

A forum has personal jurisdiction over an out-of-state defendant if, by virtue of the defendant's conduct and connections with the state, that "defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). The "purposeful availment" requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, . . . or the 'unilateral activity of another party or a third person.' " Burger King Corp., 471 U.S. at 475 (internal citations omitted). When personal jurisdiction is challenged, the plaintiff has the burden to show jurisdiction exists. Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996).

Defendants' only alleged contact with Nebraska is receiving one mailing, opening it, and returning it to the plaintiff. This conduct is "just the sort of random, fortuitous, and attenuated contact[] that cannot justify the exercise of personal jurisdiction." Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 594 (8th Cir. 2011) (holding scattered e-mails, phone calls, and a wire-transfer of money to defendant in Missouri did not confer personal jurisdiction); Scullin Steel Co. v. Nat'l Ry. Utilization Corp., 676 F.2d 309, 314 (8th Cir. 1982) ("The use of interstate facilities (telephone, the mail), the making of payments in the forum state, and the provision for delivery within the forum state are secondary or ancillary factors and cannot alone provide the "minimum contacts" required by due process.").

Plaintiff has not met his burden of proving that a Nebraska court can exercise personal jurisdiction over the defendants.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendants' motion to dismiss, (Filing No. 9), be granted; Plaintiff's objection to the motion to dismiss (Filing No. 11), be overruled; and Plaintiff's complaint be dismissed with prejudice.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 29th day of August, 2016

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.